Marilyn HEGNA, Plaintiff,

v.

E.I. DU PONT DE NEMOURS AND COMPANY, Defendant.

Civ. No. 4-91-678.

United States District Court, D. Minnesota, Fourth Division.

July 8, 1993.

Ronald Sidney Goldser, Zimmerman & Reed, Minneapolis, MN, for plaintiff.

William F. Forsyth, Cheryl A. Hood Langel, Henson & Efron, Minneapolis, MN, Patricia M. Lucas, Shelley K. Wessels, Brown & Bain, Palo Alto, CA, Ross F. Schmucki, E. I. du Pont de Nemours & Co., Wilmington, DE, Barry Fish, David J. Cantelme, Edward M. Mansfield, Douglas L. Irish, Thomas Klinkel, Lewis & Roca, Phoenix, AZ, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant E.I. du Pont de Nemours and Company's ("DuPont") motion for summary judgment on plaintiff Marilyn Hegna's ("Hegna") negligence and strict liability claims. In the alternative, DuPont requests that the court reconsider its prior ruling on Hegna's negligence and strict liability claims in light of the more fully developed factual record now before the court. Based on a review of the file, record and proceedings herein, the court grants DuPont's request for reconsideration and determines that summary judgment in favor of DuPont on Hegna's negligence and strict liability claims is appropriate.

## BACKGROUND

The court set forth many of the facts underlying this action in an order dated November 12, 1992. *See Hegna v. E.I. du Pont de Nemours and Co.,* 806 F.Supp. 822 (D.Minn.1992). The court refers to its prior order herein and only summarizes those facts and the procedural history needed to resolve the matters before it.

The present action arises from alleged defects in implants ("TMJ implants") that Hegna received during surgery on her temporomandibular joints ("TMJ"). Vitek, Inc.[1] ("Vitek") made the implants out of Proplast, a porous and fibrous compound made in an eight-step process in which polytetrafluoroethylene ("PTFE") is mixed with other materials.[2] Vitek purchased its PTFE from DuPont.

Hegna alleges that her implants disintegrated, that PTFE particles from the disintegrated implants caused her injury and that Dupont is liable for those injuries. Hegna claims that DuPont knew of studies questioning the propriety of using PTFE in medical implants and that Vitek was using PTFE to make the TMJ implants. Hegna thus claims that DuPont had a duty to warn her or her physician of the risks involved in using PTFE-based implants, that DuPont failed to provide any warning and that if DuPont had provided a warning, she could have avoided her injuries. Hegna filed this action against DuPont, asserting negligent and strict liability failure to warn claims.[3]

DuPont previously moved for summary judgment on Hegna's negligence and strict liability claims. DuPont argued that Hegna's negligence claim fails because it merely supplied Vitek with raw materials and played no role in the design, manufacture or sale of the TMJ implants. DuPont argued that it was a bulk supplier and, as such, had no legal duty either to ascertain whether Vitek's specialized use of PTFE was safe or to warn Hegna or her physician of any potential dangers associated with the use of PTFE in implants.[4] In the alternative, DuPont argued that even if it had a duty to warn as a bulk supplier, it satisfied that duty by warning Vitek that PTFE was not made for medical purposes, that it had conducted no tests to determine the efficacy of using PTFE for medical purposes and that Vitek would have to rely on its own medical and legal judgment if it chose to use PTFE to make implants. With respect to the strict liability claim, DuPont argued that Hegna's claim fails because Vitek's Proplast manufacturing process altered the chemistry, composition and mechanical properties of the raw PTFE.

The court denied DuPont's motion for summary judgment on Hegna's negligence claim. The court, relying in part on *Forest v. E.I. DuPont de Nemours & Co.,* 791 F.Supp. 1460 (D.Nev.1992) and *Hill v. Wilmington Chem. Corp.,* 279 Minn. 336, 156 N.W.2d 898 (1968), determined that DuPont, as a bulk supplier, had a duty to warn at least Vitek of the possible dangers of using PTFE to make TMJ implants and that material fact disputes concerning the sufficiency of DuPont's warning precluded summary judgment. *See Hegna,* 806 F.Supp. at 826–29. In particular, the court found that

there are material fact disputes concerning whether DuPont knew that Vitek was using PTFE for medical implants, whether Vitek was aware of any potential danger in

---

1. Vitek filed for bankruptcy on June 7, 1990. Presumably, Hegna did not name Vitek as a defendant because of the bankruptcy.

2. Proplast is Vitek's registered trade name for the compound.

3. Hegna also asserted claims for breach of warranty and misrepresentation. DuPont moved for summary judgment on those claims in its previous summary judgment motion. Hegna did not oppose DuPont's motion regarding those claims and, therefore, the court granted DuPont's motion on those claims. *See Hegna,* 806 F.Supp. at 823, 832.

4. DuPont also argued that it had no duty to warn, because the United States Food and Drug Administration ("FDA") approved the use of PTFE for TMJ implants and regulated their sale. In addition, DuPont claimed that Vitek was obligated under federal law and FDA regulations to both develop appropriate warnings and ensure that Hegna's physician received those warnings. Based on those arguments, DuPont argued that it would be superfluous to impose on it a second duty to warn. The court rejected those arguments in its prior order. *See Hegna,* 806 F.Supp. at 829–30.

using PTFE to make implants, whether Vitek materially altered PTFE for such use, whether any disclaimer or warning given to Vitek by DuPont was sufficient to discharge DuPont's duty and whether DuPont could reasonably rely on Vitek to pass on any such warning.

*Id.* at 827 (footnotes omitted).

The court also denied DuPont's motion for summary judgment on Hegna's strict liability claim.[5] In making that determination, the court noted that:

[t]he distinction between strict liability and negligence in ... failure to warn cases is that in strict liability, knowledge of the condition of the product and the risks involved in that condition will be imputed to the manufacturer, whereas in negligence these elements must be proven.

*Id.* at 831 (quoting *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 622 (Minn.1984)). The court concluded that:

[i]f Hegna is unable to support her negligence claim at trial by presenting sufficient evidence of DuPont's knowledge, the court will then determine whether such knowledge should be imputed to DuPont.

*Id.* at 832.

DuPont now asks the court to reconsider its prior ruling and grant its motion for summary judgment. DuPont renews its argument that as a bulk supplier to Vitek it had no duty to warn Hegna or her physician and had no duty to assure the safety of Vitek's specialized use of PTFE. DuPont contends that a more developed factual record demonstrates that now there are no material facts in dispute that would preclude summary judgment on Hegna's negligence and strict liability failure to warn claims. In the alternative, DuPont raises two new arguments in support of its summary judgment motion. First, DuPont contends that Hegna's claims are preempted by 21 U.S.C. § 360k of the Medical Device Amendments. Second, DuPont contends that the applicable statute of limitations bars Hegna's strict liability claim.

---

5. The court construed Hegna's strict liability claim as one involving DuPont's alleged failure

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which dictates that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in the light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because of a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322-23, 106 S.Ct. at 2552-53. With this standard at hand, the court will consider DuPont's motion for summary judgment.

to warn. *See Hegna*, 806 F.Supp. at 830.

## 1. Hegna's Negligence Claim

In its previous order, the court found that under Minnesota law, DuPont, as a bulk supplier, had a duty to at least warn Vitek of the potential danger of using PTFE to make TMJ implants. *Hegna*, 806 F.Supp. at 826 ("The court thus concludes that if faced with the present situation, a Minnesota court would find that DuPont had a duty to warn at least Vitek of the possible dangers of using PTFE for jaw implants."). The court adopted the test set forth in *Forest*, 791 F.Supp. 1460, another case involving DuPont's liability for alleged injuries stemming from disintegrated TMJ implants, to determine whether DuPont discharged its duty to warn.

> [T]he relevant question in bulk supplier cases is whether the bulk supplier was objectively reasonable in relying on a knowledgeable intermediary to provide a warning to ultimate users. This involves proof of two elements: 1) that the bulk supplier was reasonable in believing that the intermediary knew of the dangers associated with the bulk product, and 2) that the bulk supplier was reasonable in relying on the intermediary to warn the ultimate user of such dangers.... [F]or [d]efendant DuPont to succeed with its bulk supplier doctrine defense in the instant case, it will have to show that it reasonably relied upon Vitek's knowledge of the risks involved with using PTFE in medical implants and that it also reasonably relied upon Vitek to warn implant patients of those dangers. To do this, DuPont must show that it took some reasonable, affirmative steps to ascertain that Vitek was a knowledgeable intermediary. Such steps must rise above the level of a mere disclaimer but need not go so far as to have required DuPont to second-guess Vitek's actions in carrying-out its own duty to warn.

*Hegna*, 806 F.Supp. at 828–29 (quoting *Forest*, 791 F.Supp. at 1466–67).

■ The factual record before the court has been supplemented since DuPont filed its previous summary judgment motion. It is now undisputed that Vitek knew both the properties of DuPont's PTFE and the scientific community's concerns regarding the use of PTFE-based materials to make implants such as the TMJ implant. Moreover, it is undisputed that DuPont informed Vitek of its concerns regarding the use of PTFE-based materials to make implants, that it had little overall knowledge concerning the efficacy of using PTFE-based materials to make implants, that it performed no testing to determine whether use of PTFE in implants is appropriate and that Vitek would have to rely on its own medical and legal judgment if it chose to use PTFE to make implants. Finally, it is undisputed that the FDA regulated the sale of the TMJ implants. Applying the standard set forth above to the supplemented factual record now before it, the court finds that DuPont reasonably believed that Vitek knew of the dangers associated with using PTFE-based materials to make implants and that DuPont reasonably relied on Vitek to warn the ultimate users of such dangers. Accordingly, the court concludes that, as a matter of law, DuPont discharged its duty to warn. Hegna cannot support one of the essential elements of her negligence claim and the court concludes that summary judgment in favor of DuPont on the negligence claim is appropriate.

## 2. Hegna's Strict Liability Claim

The court finds that its ruling with respect to Hegna's negligence claim is applicable to Hegna's strict liability claim because the limited distinction between negligent failure to warn and strict liability failure to warn claims is not outcome determinative in this case. In Minnesota,

> [t]he distinction between strict liability and negligence in ... failure to warn cases is that in strict liability, knowledge of the condition of the product and the risks involved in that condition will be imputed to the manufacturer, whereas in negligence these elements must be proven.

*Bilotta*, 346 N.W.2d at 622. It is undisputed that DuPont had knowledge of the risks involved with using PTFE-based materials to make implants. Even with that knowledge, DuPont nevertheless satisfied its duty to warn and, therefore, Hegna cannot support one of the elements of her strict liability

claim. Accordingly, the court concludes that summary judgment in favor of DuPont on Hegna's strict liability claim is appropriate. Because it concludes that DuPont, as a bulk supplier, satisfied its duty to warn and, therefore, Hegna can maintain no negligence or strict liability claim against DuPont, the court determines that it need not consider DuPont's other bases for summary judgment.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. DuPont's motion for summary judgment on Hegna's negligence claim is granted; and

2. DuPont's motion for summary judgment on Hegna's strict liability claim is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**